IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM SOTO,<br><br>            Plaintiff,<br><br>      vs.<br><br>CALIFORNIA DEPARTMENT<br>OF CORRECTIONS AND<br>REHABILITATION, et al.,<br><br>            Defendants.<br>_____/ | No. CIV S-07-0155-GEB-CMK-P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1), filed on January 24, 2007.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

1

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

Plaintiff names as defendants the California Department of Corrections and Rehabilitation, the California Board of Prison Terms, and McGeorge School of Law. Plaintiff claims that his Fourteenth Amendment rights are being violated because counsel appointed to represent parolees under a settlement agreement entered in Valdivia v. Schwarzenegger, CIV S-94-0671-LKK-GGH, are students at McGeorge School of Law and not licensed attorneys.

In Valdivia, the district court held that California's parole revocation system violated the due process clause of the Fourteenth Amendment by "allowing a delay of up to forty-five days or more before providing the parolee an opportunity to be heard regarding the reliability of the probable cause determination." 206 F. Supp. 2d 1068, 1078 (E.D. Cal. 2002). The plaintiffs in Valdivia are a class of: (1) parolees in custody as alleged parole violators, and who are awaiting revocation of their state parole; (2) parolees in custody, having been found in violation of parole and sentenced to prison custody; and (3) parolees who are at large. With respect to the provisions for appointment of counsel, the settlement agreement references "counsel," whereas the attached Remedial Plan Policy Outline references "attorney."

/ / /

/ / /

/ / /

In Jacobson v. Schwarzenegger, 357 F. Supp. 2d 1198 (C.D. Cal. 2004), Magistrate Judge McMahon in the Central District commented on the appointment of counsel provisions in the Valdivia settlement. In particular, Judge McMahon set out the following history:

> On June 28, 2004, Judge Karlton held a hearing [in Valdivia] concerning a possible delay in implementing the attorney appointment provisions of the Stipulated Order. On July 7, 2004, Judge Karlton issued a Joint Stipulation and Order indicating that: (1) the delay initially had been caused by the defendants' inability to obtain approval for a contract with the McGeorge School of Law Institute for Administrative Justice ("IAJ") to operate the panel of attorneys who would be appointed to represent persons accused of parole violations; (2) the defendants represented to the court and counsel that the contract had been executed and that the IAJ had made substantial progress in developing policies and procedures; and (3) the IAJ had assured the defendants and the plaintiffs' counsel that all deadlines in the Stipulated Order . . . would be met.

Jacobson, 357 F. Supp. 2d at 1208.

Thus, it is clear that the settlement in Valdivia contemplated the involvement of McGeorge School of Law in the process of appointing counsel to parolees. It is also clear that the scope of McGeorge School of Law's involvement is governed by a contract with state agencies.

By reference to the Fourteenth Amendment, it appears that plaintiff is asserting that his right to due process is being violated by the appointment of certified law students instead of attorneys licensed by the state bar. In California, the practice of law by certified law students is permitted under California Rule of Court 983.2. Participating law students must have been certified by the California State Bar. With respect to activities permitted by certified law students, the rule allows for appearances before any public agency, such as the Board of Prison Terms. In addition, the rule requires all activities to be supervised by a licensed attorney.

The gravamen of plaintiff's claim is that due process requires that he be appointed a licensed attorney instead of a certified law student. The court notes initially that plaintiff does not specifically allege that he is entitled to appointment of counsel under the Valdivia settlement or that, if he is, that a licensed attorney was not in fact appointed to represent him. In any event,

plaintiff's complaint fails to state a due process claim.  Specifically, because the applicable California Rule of Court requires that certified law students be supervised at every step of the way by a licensed attorney, assuming that plaintiff is entitled to counsel and that a certified law student was appointed, he is necessarily being represented by a licensed attorney via supervision of the certified law student.

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that this action be dismissed and that the Clerk of the Court be directed to enter judgment and close this file.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:   January 26, 2007.

/s/ Craig M. Kellison
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE